12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee MAHAN, Plaintiff-Appellant,
v.
D. HUGGINS; G. Wilson; Peabody, Sgt., Defendants-Appellees.
 No. 93-1524.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1993.
 
 Before: KENNEDY, MILBURN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Lee Mahan, a Michigan prisoner proceeding without benefit of counsel, appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, a declaratory judgment and injunctive relief, plaintiff alleged that defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. More specifically, plaintiff alleged that defendant corrections officers at Michigan's Chippewa Regional Correctional Facility violated his civil rights by requiring him to keep his cell door closed during "count," even though he complained of being unable to breathe because of his cell-mate's cigarette smoking. Plaintiff brought suit against defendants in their official and individual capacities.
 
 
 3
 The case was submitted to a magistrate judge who recommended that defendants' motion for summary judgment be granted. The magistrate judge concluded that, apart from whether plaintiff's medical needs were serious, plaintiff presented no evidence from which it could reasonably be concluded that defendants acted with "obduracy and wantonness." See Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). The district court reviewed the case de novo, in light of plaintiff's objections to the magistrate judge's report and recommendation, and granted summary judgment in favor of defendants. The district court also denied plaintiff's motion for leave to file an amended complaint because the purported amendment presented entirely new and different claims against different defendants.
 
 
 4
 Upon de novo review, we find no error. In order to establish an Eighth Amendment claim for conduct that does not purport to be punishment, the offending conduct must reflect an "unnecessary and wanton infliction of pain." Ingraham v. Wright, 430 U.S. 651, 670 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For such non-penal conduct, a viable Eighth Amendment claim has both an objective and subjective component. Wilson v. Seiter, 111 S.Ct. at 2324. The objective component requires that the pain be serious. Id. The subjective component requires that the offending, non-penal conduct be necessarily wanton in order to state a violation of the Eighth Amendment. Id. at 2326.
 
 
 5
 Without any regard to whether plaintiff's pain was serious, the offending non-penal conduct was not deliberately indifferent or wanton. At around midnight on June 27, 1991 (or early hours of June 28, 1991), defendant Donna Huggins was conducting the prison's regularly scheduled "count." While performing the count, she found plaintiff's door propped open with a trash can. It is undisputed that prison regulations require all doors to be shut during count-time, so defendant Huggins closed plaintiff's door over his objections. It is also undisputed that the door was shut for the few minutes it took to take the count. Huggins issued plaintiff a minor misconduct violation ticket for which plaintiff was counselled and reprimanded.
 
 
 6
 Closing a cell door for a few minutes during a prison count, in accordance with prison regulations, does not rise to the level of wanton behavior that violates the Eighth Amendment. Defendants did not have any prior warning that a few minutes confinement with a cigarette-smoking cell-mate would harm plaintiff in any way. Therefore, plaintiff cannot establish a genuine issue of material fact regarding defendants' subjective state of mind, and summary judgment was proper.
 
 
 7
 Additionally, the district court did not abuse its discretion by denying plaintiff's motion for leave to amend the complaint. Plaintiff initially filed his complaint pro se. Later, plaintiff obtained counsel who filed a response to defendants' motion to dismiss or for summary judgment. Plaintiff did not file a motion for leave to amend the complaint until after the magistrate judge had issued his report and recommendation, and, when the motion for leave was filed, plaintiff did not submit the proposed amended complaint. Plaintiff did, however, indicate in his motion that he intended to add a claim under the Michigan Handicapper's Act seeking to add the officials that were responsible for his housing and medical needs. Because the amended complaint sought to add totally new claims, it would have been manifestly unfair to defendants had plaintiff been granted leave to amend his complaint. See Troxel Mfg. Co. v. Schwinn Bicycle Co., 489 F.2d 968, 971 (6th Cir.1973); cert. denied, 416 U.S. 939 (1974).
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion dated March 10, 1993.